GEORGIA,
ChathamCo.
JUNE, 1809.

Admrs. of Clay
vs.
Adr.of Sheftall.

*Minutes of Superior Court, letter G. p.* 216.

*Chambers, June* 3, 1809.

ADMINISTRATORS of CLAY

*vs.*

ADMINISTRATORS of SHEFTALL.

IN EQUITY.

By *Charlton*, Judge.

THIS is a bill praying for an injunction, upon the ground, that more money is due, upon a previous judgment revived in favour of the administrators of *Clay*, against the defendants, than is due on the judgment for which the plaintiffs in this bill are now pressed for payment. It is supposed by the plaintiffs, that in order to prevent the absurdity of an immediate payment over to them of a *remittitur* to be entered for so much as is due on the plaintiffs' judgment, or, for so much as will amount to an extinguishment of the defendant's judgment. I doubt very much whether a court of equity will interpose by injunction to prevent circuity of action ; because, the remedy is peculiarly a common law remedy. The party can obtain ample relief before a common law tribunal ; the practice of which, upon liberal principles of modern days, is, to do at once substantial justice to the parties, without driving them to a cross action.

It has been decreed by this court, that the judgment against *Sheftall* and *Dalpuget* has not been revived as a judgment obtained by *Clay*, *Telfair*, *Elbert*, and *Clarke*. (*Minutes of the Court Book*, G. 88, 89.) The *scire facias* not having pursued the terms of the judgment, it is impossible for me, without violating the sanctity of a record, to admit the argument of the complainants' counsel, which is founded upon the ope-

GEORGIA,
Chatham Co.
JUNE, 1809.

Admrs of Clay
vs.
Adr. of Sheftall.

ration of that judgment. Admitting, however, the existence of this judgment, and the regularity of its revival, still there are older judgments against the estate of *Mordecai Sheftall*, the amount of which exceed the amount of the judgment set up by the administrators of *Clay*, and which, according to our judicial system, must be previously satisfied. These older judgments fix a lien upon the proceeds of the judgment obtained by the administrators of *Sheftall*, which the chancery side of this court cannot release.

If I were to direct an injunction to issue, as prayed for by the complainants, it would have the effect of satisfying a younger judgment, to the prejudice of elder judgments; the assumption of such a power would indirectly repeal the law; and if such be its tendency, it cannot be assumed by me. Considering there is no subsisting debt which could, at common law, operate as a set-off; or if there is, that the equity side of this court cannot divest eldest judgment creditors of rights which are so plainly guaranteed to them by our judicial act; I shall therefore only sanction this bill so far as it seeks to obtain a discovery, but I must refuse the prayer for an injunction.

*Motion for injunction overruled.*

*Woodruff*, for Complainants.
*Mitchell, Bulloch*, and *Cuyler*, for Defendants.